Good morning, your honors. My name is Meredith Ahern and I am also CJA appointed counsel, this time for Mr. David Frazier, who has, as you know, some of the issues that you have been discussing in Mr. Lanier's case, but also the added burden of being sentenced as a career offender. I want to discuss a little bit the waiver issue. Mr. Beiswinger has pointed out to the court a number of things that I was going to say, but I do want to note that in United States v. Pruitt, this court did hold that a defendant must expressly waive a 2255 collateral attack in his plea agreement, and Mr. Frazier did expressly waive that collateral attack. So it seems to me that if he's going to specifically waive the 3582 attack, he should be advised of what he's doing. For example, that the law may change. You may have an advantage under the new law, but you know, because we're telling you right now, that you can't take advantage of that because you have bargained here and the governor had given up some stuff. You have made some decisions. Is your argument then that you can't enforce the waiver here because it's a 3582C2 challenge as opposed to a general collateral attack under 2255 or a Rule 35 motion? Well, it's my position that he didn't waive his 3582 and that the court below had jurisdiction. Can you help us with the language in Cruz? How do you get around our statement? I can't help you either. I'm pleading guilty to not getting on this. So only the judges read the cases that we publish? Is that the problem here? Apparently. Don't worry. We don't read all of ours either. I've read some cases. No, I haven't read it either. So I guess I'm in the same boat as everyone else and would also be happy to rebrief it if it would be helpful. You know, let me pause for just a moment. Obviously, you have an interest in it too. I think probably it would be fair to include you within the briefing order with respect to that case because obviously your client has the same degree of concern about that. It's basically the same plea agreement with the identical language with regard to waivers because it's the customary agreement used at least in the District of Alaska. So, yes, he's got the same problem. He was also before Judge Singleton in the trial court. And he was also someone that Judge Singleton noted that if he could, he would reduce his sentence. Mr. Frazier, although I know it isn't really relevant in the legal sense, unfortunately, was sentenced as a career offender and he is a person who has an excellent prison record. He has done very, very well. And obviously, if the court is looking at it from... Isn't there a provision in 3582 that actually permits the warden to come and... I believe there is. I believe you're correct. That's correct. I believe that a warden can come forward and that might be... Has he tried? Has he sought that out? I don't believe he has, but that certainly is correct. Well, you can take that back to Alaska. Maybe I'll take that back and see what I can do with it. But that is true. Okay. But do you agree that Congress, in enacting Section 3582, did put some restrictions on district courts so that we have some finality with regard to prison sentences? Yes, I do agree. And I do agree with the basic principle that sometimes it's got to be finality. You can't be revisiting all of this all of the time. And I believe that there are restrictions, and one of them being that you can't reduce a sentence if the particular amendment doesn't apply to the defendant. Assuming that he does have the ability to bring the case, can you then help us with the merits? Because you've got... To me, this is a really tough argument to make in the face of all these other circuits that have looked at the same issue and said, for career offenders under 3582C2, the policy statements of the Commission say where there's no change, then it doesn't apply. I agree. It's a tough row to hoe. And I have run a search on all these cases, and I'm not even going to mention the number of courts, district courts, and a couple of appellate courts who have. I will note that there are cases where a person is a career offender but was sentenced under 1D1.1, and the career offender enhancement wasn't used for whatever reason at the trial court, and at least in the Second Circuit, the courts have agreed that that person would be entitled to a reduction. Right, but they didn't apply the 1D1. That's correct, and that's the distinction. I would say you can temporarily forget about other circuits in district courts. Yes, I hope so. I sincerely hope so. Unless there's a Ninth Circuit or Supreme Court precedent that controls us, then I guess we're free to apply the law on this as we think makes sense. So why don't you tell us why you think it makes sense, even if he was sentenced as a career offender, to say that his sentence should be revised? I believe it makes sense because in the first instance, when Mr. Frazier was sentenced, before we even get to the career offender, he did have a base level offense. That base level offense in this case happened to be, I believe, at 26, and that was based entirely on cocaine base. It was a necessary part of the calculation. The district court was required to look at that. They were also required to decide whether or not to apply the career offender enhancement, and while the Sentencing Commission did contemplate that career offenders would not be eligible for this reduction, and there's a lot of language in the application notes about career offenders, there's also language about other reasons why a person might not be entitled to a reduction. For example, if they're violent, if they have a very bad record while incarcerated of violence or other infractions. Because the guidelines are no longer mandatory and because of the constitutional changes in the law, which I guess are referred to as C changes, and because the offense level does come into play, I believe that the court has jurisdiction and that whether or not to resentence Mr. Frazier or others under the amendment, career offender or not, should be left to the discretion of the trial court. So you're advocating a complete resentence? I am, and I'm advocating that Hicks applies to this, that there's no reason. If this is a change, though the Sentencing Commission looked at a great disparity and they finally did something about it. They said this is really bad. The courts have looked at other... The problem, though, is that the sentence for a career offender is based in part on the underlying offense, which in this case was crack cocaine. Yes, it was. But it is also based on the fact that he is a recidivist. Absolutely. It is based in part. And so we are highlighting him for the fact that he keeps doing it again and again. That's correct. And the commission's action in addressing the disparity between crack and cocaine, powder cocaine, doesn't really address what we do with the recidivist component of the sentence. And I guess that that's something I think Judge Singleton should address. If he's allowed to resentence Mr. Frazier, it could be that he says the recidivist component is such that, no, I won't reduce this sentence. But it seems to me that if the amendment was made, 706, and if it was so important and such an important amendment that it was actually applied retroactively, and that's not done very often, it was done in Bailey and other cases, but it's not done very often, that the sentencing commission's note saying, well, we don't think it should apply here or apply there, should not be determinative of whether or not the court has jurisdiction to entertain a motion. Now, the court can or cannot. I mean, Mr. Frazier might come out the same. Judge Singleton has indicated in this case that he would impose a lower sentence. But I think that the court needs to have that, that we don't need to take a rather myopic view of something that overall is so important and where the courts have acknowledged that the guidelines are no longer mandatory, that it's unreasonable to assume that they are. Wouldn't that read out of the statute, 3582C2, the final clause, if such a reduction is consistent with applicable policy statements issued by the sentencing commission? And I think that a broad reading would allow the court to say that it is. It is consistent. I'm sorry, how would that be consistent? I can see how it would ignore it, but I don't see it would essentially render it surplus. And I don't think we can do that, can we? I think that maybe it would essentially ignore it, but I do believe that it would, I'm not sure how to put this, but I think the sentencing commission made an assumption in the 1B110 amendments that it would not apply. I think that the courts, that the offenders would not be eligible. And I think that's something that should be left to the court, because I think the court can consider whether or not there are other factors, the base level offense and other factors, which would mitigate against such an interpretation. And granted, it would be broad, but I think that it is a fair decision. Okay. Why don't we hear from the government? You're a little over time, but we'll give you a chance to respond. Thank you so much. I want to begin my response with the whole issue of the career offender. I think it's really important that we not disregard that, because to do so would really undermine the concept of finality in sentencing. If we say, as Congress has said, only if the term of imprisonment is based on a sentencing range that has subsequently been lowered and then broadened it to include those situations where it didn't, essentially we're ignoring both Congress and the sentencing commission. And I just don't see how we get to that. It would really undermine a lot of history here, and I think would open the floodgates to invite every career offender whether or not they had a crack cocaine-related offense, because if we were willing to fudge on that aspect of it, maybe we can fudge on the aspect of it that the crack cocaine wasn't involved. If you don't mind my backtracking for a moment to the appeal and collateral attack waiver, was this also a case in which the government did not argue in front of the district court that this was a forbidden collateral attack under the Lee Agreement? It was. I'm not sure we need to put it in the order, but it might be useful if in the briefs or letter briefs that we ask you to file that you address the question as to whether or not that's a waivable argument. That is to say, what's the consequence of not having raised that in front of the district court that this is a forbidden collateral attack? I am somewhat up to date. I know that on Tuesday you all decided that you didn't have the ability to go back and look at the 3582C when it was a discretionary decision on the part of the district court. That confirmed the low case that I think was from 1998. So we've been keeping up with some things. I also think, and I can't cite you the name of the case, but I recall we published a decision. It may have been an in-bank case, but we did publish a decision where we talked about the concept of waiving arguments and forfeiting arguments arising out of the failure to raise a waiver. But it would be useful to have that addressed. If you could find that case to remind us the name of it and what it said, that would be helpful. Back to the merits. I'm sorry. Thank you. I appreciate the guidance. You, Judge Tolman, caught the footnote where, in this case, it was very clear how Mr. Frazier was benefiting. He benefited in two ways. First, he didn't plead to the conspiracy, which would have had a life, a much higher sentencing maximum, which would have upped the career offender, and also didn't have the 851, which would have upped it as well. But I think your question earlier brings up a fact that I think we're running into now, and that is the effect that Booker has had on plea agreements. We don't see a lot of them anymore. A lot of waivers? We don't see a lot of plea agreements because defendants are unwilling to waive their appellate rights because they're really not getting a lot. They can walk into it and make 3553 arguments and they don't have to worry the way they did with the sentencing guidelines. But both of these cases were the kind where they weren't just giving up their waivers for nothing. They actually accomplished something by engaging in the whole waiver of the collateral attack then of appeal. And I think it's important in the context of these 3582C challenges to keep that in mind, that when you have the pre-Booker cases dealing with the mandatory sentencing, that there really was giving something of value on both sides. It really was a compromise. Any other questions for me? I don't think so. Thank you. I appreciate your time very much. Thank you. Response. I'll be very, very brief. And I think Ms. Ranchin mentioned what I wanted to say in her last sentence, that Mr. Frazier did get a benefit from the government, but of course the government got also a benefit. They didn't have the time and expense of trying Mr. Frazier. He accepted responsibility. So that both sides did, in fact, in this bargain, receive a benefit. It seems to me that it's not a good basis to make a decision on the fact that if we allow career offenders to come under this amendment, oh, my God, it's going to open up the floodgates. We're going to have a lot of people coming back, and there has to be some finality. But there are retroactive amendments on important issues, and they do cause people to come back in to get resentenced. Counsel, the problem I have with your argument is this is a retroactive amendment with conditions. And your argument, if I accept it, is to permit the retroactivity but ignore the conditions. And that's the problem I'm having with your argument. I understand. That's a problem that the courts have all wrestled with. And it says in 1B110, it says that if the amendment does not have the effect of lowering the guideline range, then, of course, it's not effective, but that's an assumption that it won't lower the guideline. Well, how is this any different from the retroactive effect of the St. Cyr decision, which the courts have limited to cases where the alien actually entered a plea and can show some reliance or expectation that may have been avoided by entering the plea. But if he stood trial and rolled the dice, then he can't take advantage of that retroactive ruling. And in this case, Mr. Frazier didn't roll the dice. He did plead. He did accept responsibility. I think you missed the thrust of my question. The fact is that retroactivity is not entirely open-ended, that even the Supreme Court conditions it upon certain features. And in this case, the commission imposed certain conditions which may not benefit career offenders. That's true, but I think that a broad reading of what the commission said and what the courts have... I don't think there's no ambiguity in what the commission intended. The commission did not intend to benefit people whose guideline ranges otherwise wouldn't change. And that's the problem with career offenders. I understand that that's the problem and that's what most courts have held. But the fact is that Mr. Frazier was also convicted because he had cracked cocaine and his base offense level started with a calculation of the amount of cocaine that he possessed. Okay. Thank you very much. Thank you both sides for your arguments. The case of the United States v. Frazier is now submitted for decision.
judges: Fletcher, Gould, Tallman